**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |
|---|---|
| KEMBA GALLIMORE, | * |
| Plaintiff, | * |
| v. | * Civil Case No. GLR-16-6 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATIONS**

Plaintiff Kemba Gallimore filed this action *pro se* seeking review of the decision of the Social Security Administration ("SSA") to deny her claim for Supplemental Security Income ("SSI"). [ECF No. 1]. The SSA has filed a motion to dismiss for lack of subject matter jurisdiction ("motion") pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Ms. Gallimore failed to exhaust her administrative remedies prior to filing her complaint. [ECF No. 12]. Pursuant to Standing Order 2014-01, this case has been referred to me for Report and Recommendations on the dispositive motion. Plaintiff has not filed an opposition to the motion.[1] No hearing is deemed necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons stated below, I recommend that the SSA's Motion to Dismiss be granted.

**I.   Facts**

In April 2012, Ms. Gallimore filed for disability benefits with the SSA. [ECF No. 12-1, at 3(a)]. After her claim was denied, Ms. Gallimore filed a written request for a hearing on

---

[1] On March 14, 2016, the Clerk's Office mailed a Rule 12/56 letter to Ms. Gallimore. [ECF No. 13]. That letter advised Ms. Gallimore that a failure to oppose the Commissioner's motion could result in dismissal of her case. *Id.*

March 15, 2013. [ECF No. 12-1, at 3(b)]. On October 17, 2014, the Administrative Law Judge ("ALJ") dismissed Ms. Gallimore's request for hearing pursuant to 20 C.F.R. § 416.1457(b), citing her failure to appear at her scheduled hearing and her lack of good cause. *Id.* On December 14, 2014, Ms. Gallimore filed a request for review of the dismissal order, which was denied by the Appeals Council. [ECF No. 12-1, at 3(c)].

On May 20, 2015, Ms. Gallimore filed an appeal of the SSA's actions in this Court. *See Gallimore v. Comm'r, Social Sec.,* Civil No. RDB-15-1444; [ECF No. 12-1, at 3(d)]. On September 16, 2015, United States District Judge Richard D. Bennett granted the SSA's motion to dismiss the appeal for lack of subject matter jurisdiction. Civil No. RDB-15-1444; [ECF No. 16]. Ms. Gallimore then filed the instant lawsuit, appealing the same Agency action, on January 4, 2016. [ECF No. 1].

**II. Discussion**

The issues presented in this case were already decided by Judge Bennett in Ms. Gallimore's earlier appeal of the same Agency action. Ms. Gallimore's appeal of the SSA's decision is barred because the dismissal of her claim on procedural grounds, namely her failure to appear at her hearing, deprived this Court of jurisdiction, since there is no "final decision" after an exhaustion of administrative remedies. As a result, this Court lacks jurisdiction to adjudicate Ms. Gallimore's appeal.

For the foregoing reasons, I recommend that the Commissioner's Motion to Dismiss [ECF No. 12] be granted. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  April 13, 2016                                       /s/
                                                                         Stephanie A. Gallagher
                                                                         United States Magistrate Judge